iel Winkens' Nephew was composed of the petitioner and Charles Marquandt, and was engaged in business at the time of filing the petition. (Charles Marquandt is also petitioner for adjudication in a separate proceeding pending before me.) Upon which facts the register declines to make adjudication in bankruptcy of the petitioner, until his co-partners in the firms referred to are brought into the proceedings, under the provisions of the thirty-sixth section of the act, and rule 18 of the supreme court. To this decision the bankrupt excepts, and prays that the question may be certified to the district judge, that his opinion may be had on the question, as to whether the register erred in declining to make adjudication against the petitioner, as prayed for; which prayer is granted, and this certificate made in accordance thereto.

### Opinion.

I do not think that the petitioner is entitled to be adjudged a bankrupt or discharged in these proceedings, unless his co-partners are joined with him. He shows debts jointly with co-partners in two firms, and assets, the property of the same firms, but the co-partners in neither of these firms are parties to these proceedings, or sought to be brought in under the provisions of section 36 of the law, or rule 18, which provides for the bankruptcy of co-partnerships. He seeks a discharge from his debts due as a member of firms, that he does not ask to be adjudged bankrupt, and offers to pay his individual as well as co-partnership debts, with firm property, the members of which firms are not joined. I understand the law to be that, when there are firm debts and firm assets, the firm must be declared bankrupt (by either voluntary or involuntary proceedings) before any member of the firm can be discharged from its liabilities; and that this applies only to co-partnerships actually existing, or where there are assets belonging to the firm, and not to co-partnerships terminated heretofore by bankruptcy, insolvency, assignment, or otherwise. In the case of In re Little [Case No. 8,390], where I certified a question to the court, February 29, 1868, a decision is given on this point; and as I am aware that some misapprehension and uncertainty exists in the profession as to the effect of the decision in. Little's Case, I would respectfully suggest to the court that this occasion be taken advantage of to definitely settle the law and practice in cases of petitions where firms are concerned.

Which facts and opinion are respectfully submitted this 15th day of January, 1869.

WINKLEY (ODIORNE v.).    See Case No. 10,432.

---

## Case No. 17,876.

### In re WINN.

[1 N. B. R. 499 (Quarto, 131); [1] 1 Am. Law T. Rep. Bankr. 17.]

District Court, N. D. Georgia.   Dec. 24, 1867.

BANKRUPTCY PROCEEDING — CLAIM OF LIEN CREDITOR.

1. A prior lien gives a prior claim, · and the district court may ascertain and liquidate such a lien.

[Cited in Re Erwin, Case No. 4,524.]

2. The creditor who has a lien on property for the payment of his debt is admitted as a creditor only for the balance of the debt after deducting the value of such property.

[Cited in Re Hambright, Case No. 5.973; Re Bloss, Id. 1,562; Re Stansell, Id. 13,293.]

[In the matter of Elijah E. Winn, a bankrupt.]

In this case the following questions arose in the proceedings of the same, and upon request of James R. Hanks, a judgment creditor, were certified by the register, Lawson Black, for the opinion of the district judge. First. Does a debt secured by lien lose its lien by proof of the debtor? Second. Does a judgment in this state retain its lien in bankrupty? Third. If a judgment is older than a mortgage, out of what fund shall it be satisfied?

My opinion is that the district court in bankruptcy is a court of equity, and that it is a court of original jurisdiction in matters of bankruptcy. The bankrupt is the complainant in equity, and each one of his creditors are defendants in the bill, and the court having original equity jurisdiction over all the parties and the subject matter of the suit, may pass any order, or decree in the case, it thinks proper for the purpose of doing equity between all the parties to the suit, either on the parties to the suit, or in relation to the subject matter of the suit, and that said orders and decrees so passed cannot be set aside nor inquired into in any other court, and that they are final and conclusive upon the parties and the subject matter of the suit, unless they are carried up in the manner prescribed in the bankrupt act. And any person disobeying the order or decree of the court, is liable to be punished for a contempt of the court. When a debtor is adjudged a bankrupt, all proceedings in a state court against him must stop, if the subject matter of the suit can be proven against his estate in bankruptcy, and no creditor, who holds a claim against the estate of the bankrupt, which might be proven in bankruptcy, whether the debt is secured by lien or not, can enforce such debt in a state court, except by the per-

1 [Reprinted from 1 N. B. R. 499 (Quarto, 131), by permission.]

mission of the district court. The district court has no jurisdiction over a state court, but it has full and complete original jurisdiction of the bankrupt; and all the assets of the bankrupt; and over all the creditors of the bankrupt; and may fine and imprison any of the creditors of the bankrupt for interfering with the assets of the bankrupt, in a state court, without the permission of the district court, on any debt which might be proven against the estate of the bankrupt. And when the bankrupt obtains his certificate of discharge, it releases him from all debts, demands, and liabilities which might have been proven against his estate in bankruptcy. The court appoints a day and gives all the creditors of the bankrupt notice of the time and place to prove their debts against the bankrupt, and under this notice the creditor who holds no security for his debt, proves his debt as unsecured and entitled to share pro rata out of the general fund. The creditor whose debt is secured by lien, proves his debt as secured by lien on a certain piece of property of such a value, is not entitled to vote for assignee nor participate in the general fund, with the unsecured creditors, until the property on which his lien is secured, is applied towards the satisfaction of his debt. See twenty-second section of the bankrupt act [of 1867 (14 Stat. 527)], as to proof of debts with security. It is necessary for the creditor, whose debt is secured by lien, to prove or liquidate his debt as secured by lien, that the court may be fully informed how and in what manner to dispose of the assets of the bankrupt, so as to do equity between all the creditors of the bankrupt.

The only way a secured creditor can lose his lien on the property, is by a release of the lien on the property and proving the debt as an unsecured claim. When the secured debts are proven or liquidated, the court has power, by order, to authorize the assignee to redeem or remove the lien by paying the creditor the money due, if the assignee is in a condition to do so, and, if not, the court may permit the creditor to take the property, on which he holds a lien, at its value, towards the satisfaction of his debt; or the court may order the property sold, subject to the incumbrances as ascertained by the court; or the court may order the property to be sold free from all incumbrances, and that the said liens be secured and protected on the money arising from the sale of the said property, in the same manner as if the said property had been sold to satisfy the said lien in a court of law.

Second. My opinion is that a judgment in this state retains its lien in a court of bankruptcy in the same manner and to the same extent as it does in a court of law. The bankrupt act (section 20) mentions mortgages, pledges, and liens on the property of the bankrupt to secure the payment of a debt due the creditor. Here the question arises: what did congress mean by the word "lien"? They certainly did not intend that each district judge should determine for himself what is, and what is not, a lien on the property of the bankrupt, without some rule or law to guide him, by which he may determine by law what is a lien. My opinion is that congress meant by the word "lien" all the liens protected by the laws of each state, and that all the liens protected by the state law should be protected in bankruptcy. In section 21 of the act, no judgment can be taken against the bankrupt pending his adjudication, except by permission of this court, for the purpose of ascertaining the amount of the debt, upon which no execution can issue. If the judgment has no lien, and does not infringe or interfere with the rights of the unsecured creditors, why prevent the creditor from taking the judgment? By section 14 of the act, the assignee takes the property of the bankrupt with the like right, title, power, and authority to sell said property as the bankrupt could have done. He acquires no other or better title to the property than the bankrupt had, and if there was a lien on the property in the hands of the bankrupt, the same lien follows the property into the hands of the assignee.

Third. The judgment of Hanks is older than the Gate City mortgage, and has a general lien on all the property of the bankrupt. The mortgage has a special lien on a certain piece of the bankrupt's property, and if the mortgage creditor cannot get his money out of this piece of property he may lose his lien and his debt also. Therefore the lien of the judgment on the mortgage property is held in abeyance until all the other property or general fund of the bankrupt is exhausted by the judgment. It is therefore the judgment of the register that a debt secured by lien does not lose its lien by proof of the debt as secured by lien. And that a judgment in this state retains its lien in a court of bankruptcy in the same manner and to the same extent it does in the state court. And that an older judgment cannot take mortgaged property until all other property of the general fund of the bankrupt is exhausted by the judgment.

[All of which is respectfully submitted to the honorable district judge, at the request of James R. Hanks, Fears & Arnold and Luther J. Glenn, attorneys in said case.] [2]

ERSKINE, District Judge. A prior lien gives a prior claim, and the district court may ascertain and liquidate a lien. Bankrupt Law, § 1. By section 11 the debtor must, in his schedule, make a statement of any existing lien, pledge, mortgage, judgment, collateral, or other security, &c., and he must show what incumbrances are on the estate. By section 14 the assignee takes "all the estate" of the bankrupt, with the like right, title, power, and authority to sell, &c., that the bankrupt had, and the assignee may discharge any mortgage or conditional contract,

---

[2] [From 1 Am. Law T. Rep. Bankr. 17.]

or pledge, or deposit, or lien upon any property, at any time. Section 20. The creditor who has a lien on property for the payment of his debt, is admitted as a creditor only for the balance of the debt after deducting the value of such property. Section 27 declares that all creditors, whose debts are duly proved and allowed, shall share in the distribution. Thus we have the system: the court has jurisdiction to ascertain and liquidate the lien, and the debtor must state (disclose) the lien to the court. The assignee takes the estate, coupled with the right and power of the debtor to sell, &c. The debtor could only sell subject to the lien. The quantity of his interest was the right to the property as subject to the lien. The creditor is allowed to prove the balance of his debt to the extent of the balance; it must be "duly" proved, and if allowed, he would share in the distribution.

The clerk will certify this opinion to Mr. Register Black.

NOTE BY THE JUDGE. It is proper that I advert to my approval, on the 23d November last, of the opinion of Mr. Register Garnett Andrews in the matter of Felkner, Nowell & Co., bankrupts. The approval was too general in its terms, and apparently affirms all the views expressed by the register. The affirmance ought to have been confined to what I consider the only pertinent question certified for my decision, namely, the protection of the property temporarily under the peculiar circumstances of the case, and should not have extended, even by implication, to the subject of liens, or whether judgments share the estate of the bankrupt, pro rata or otherwise, under the statute. The clerk will transmit a copy of this correction to Mr. Garnett Andrews, register in the Sixth district.